UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAMID ALIZADEH                                                                CIVIL ACTION

VERSUS                                                                         No. 22-3159

BP EXPLORATION &
PRODUCTION, INC. ET AL.                                                        SECTION I

ORDER & REASONS

Before the Court is a motion[1] to continue pretrial deadlines and the trial date filed by plaintiff Hamid Alizadeh ("Alizadeh"). Defendants, BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP"), oppose[2] the motion. Alizadeh seeks to continue the deadline to respond to BP's motion for summary judgment, as well as various deadlines in the Court's scheduling order. For the reasons below, the Court denies the motion.

I. BACKGROUND

This is a case arising from the 2010 *Deepwater Horizon* oil spill. Pursuant to the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"), this is a Back-End Litigation Option ("BELO") lawsuit.[3] Alizadeh alleges that he suffers from a variety of chronic health conditions, including B-cell lymphoma, caused by exposure to oil and dispersants while working in the response to the oil

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 22.
[3] R. Doc. No. 1, ¶ 53; R. Doc. No. 17-1, at 1–2.

spill.[4] The Court need not recount the background facts in detail to decide the instant motion. The relevant procedural history is as follows.

On April 6, 2023, the Court issued a scheduling order[5] setting forth several deadlines, including a May 31, 2023 deadline to submit expert reports, an August 9, 2023 dispositive motions deadline, an August 29, 2023 pretrial conference, and an October 2, 2023 trial date. The order stated: "Continuances will not normally be granted."[6]

On June 12, 2023, BP filed a motion[7] for summary judgment with a June 28, 2023 submission date. Pursuant to Local Rule 7.5, Alizadeh's deadline to file a response to BP's motion was June 20, 2023. Alizadeh did not file any opposition to BP's motion and made no effort to seek a continuance before the deadline. On June 27, 2023, Alizadeh filed the instant motion.[8]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 6(b)(1) governs requests to modify most deadlines in civil proceedings, while Federal Rule of Civil Procedure 16(b)(4) specifically governs requests to modify scheduling orders. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the court may extend deadlines before they have passed "for good cause." Once a deadline has passed, the court may extend it "for good cause" only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

---

[4] *See generally* R. Doc. No. 1.
[5] R. Doc. No. 14.
[6] *Id.* at 4.
[7] R. Doc. No. 17.
[8] R. Doc. No. 20.

The Fifth Circuit has explained that factors relevant to the "excusable neglect" inquiry include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161–62 n.8 (5th Cir. 2006) (internal quotation marks omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010). The party seeking an extension bears the burden of demonstrating excusable neglect. *Pennino v. Reilly-Benton Co., Inc.*, No. 21-363, 2022 WL 2467685, at *1 (E.D. La. July 6, 2022) (Lemelle, J.).

Federal Rule of Civil Procedure 16(b)(4) applies specifically to requests to modify a court's scheduling order. Pursuant to that rule, a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this context, to show good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the

3

importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted). A district court's discretion to modify a scheduling order "is exceedingly wide" and the "court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation and quotation marks omitted).

### III. ANALYSIS

As explained, Alizadeh's motion requests an order continuing "all deadlines and the trial date."[9] The Court first considers Alizadeh's request to extend the deadline to file an opposition to BP's motion for summary judgment. Because this deadline had already passed when Alizadeh filed the instant motion to continue,[10] this request is governed by Rule 6(b)(1)(B).[11] Despite bearing the burden of showing good cause and excusable neglect pursuant to this Rule, Alizadeh states only that his counsel "has prepared a Motion to Withdraw" and "has been in negotiations with another law firm to consider pursuing [Alizadeh's] claims."[12]

---

[9] R. Doc. No. 20, at 1.
[10] Pursuant to Local Rule 7.5, Alizadeh's deadline to file his opposition to BP's motion for summary judgment was June 20, 2023, eight days before the motion's submission date. Alizadeh filed the instant motion to continue on June 27, 2023.
[11] Even if Alizadeh had filed the instant motion to continue before his June 20, 2023 deadline passed, the Court would nonetheless deny it because, for the reasons explained throughout this Order, the Court finds that Alizadeh has not shown "good cause" pursuant to Rule 6(b)(1)(A).
[12] R. Doc. No. 20-1, at 1.

4

Balancing the four relevant factors, *see Adams,* 465 F.3d at 161–62 n.8, the Court concludes that Alizadeh has not met his burden of showing excusable neglect with respect to his failure to file an opposition to BP's motion for summary judgment. With respect to the first factor—prejudice to the non-movant—Alizadeh makes only the conclusory assertion that "Defendants would not be prejudiced" by an extension.[13] BP argues that it *would* be prejudiced because a continuance would "delay[] resolution" of the case and "increase[] costs."[14] The Court finds that this factor weighs in BP's favor.

The second factor—the length of the delay—also weighs in BP's favor. Alizadeh provides no proposed end-date for the requested continuance. His motion is based on counsel's forthcoming motion to withdraw, which has not yet been filed, and on "discussions with another law firm to *consider* pursuing [Alizadeh's] claims."[15] As Alizadeh has not indicated when he will secure new counsel or file a response to BP's motion for summary judgment, he effectively seeks to extend this deadline indefinitely.

The third factor—the reason for the delay—similarly weighs in BP's favor. Alizadeh does not explain why his counsel's discussions with another law firm about a potential change in representation prevented him from filing an opposition to BP's motion for summary judgment or at least seeking an extension before the deadline.

---

[13] *Id.* at 2.
[14] R. Doc. No. 22, at 4–5.
[15] R. Doc. No. 20-1, at 1 (emphasis added).

5

The fourth factor weighs in Alizadeh's favor because there is no evidence that he or his counsel acted in bad faith.

The Court next considers Alizadeh's request to extend the submission date for BP's motion for summary judgment. This request is functionally the same as Alizadeh's request to extend the deadline to file an opposition to BP's motion. However, because this deadline had not passed when Alizadeh filed the instant motion to continue, this request is governed by Rule 6(b)(1)(A). As stated, although Alizadeh asserts that his counsel has been discussing a potential change in his representation, Alizadeh does not explain why discussions with potential new counsel prevented him from filing a timely response to BP's motion for summary judgment or requesting a continuance before the deadline. He also does not indicate how long he anticipates it will take him to secure new counsel. Considering the equities, the Court therefore finds that Alizadeh's references to discussions with potential new counsel do not constitute good cause sufficient to warrant extending the submission date.

In addition to his requests to extend deadlines related to BP's motion for summary judgment, Alizadeh also asks the Court to continue several deadlines set by the Court's scheduling order, including its May 31 deadline to submit expert reports, the dispositive motions deadline, the pretrial conference, and the trial.[16] Because these deadlines appear in the Court's scheduling order, these requests are governed by Rule 16(b).

---

[16] R. Doc. No. 20-1, at 1–2.

Alizadeh's expert witness deadline passed on May 31, 2023, and he did not seek a continuance until June 27, 2023. Again, Alizadeh explains his failure to meet his deadlines only by referencing "ongoing discussions with potential new counsel."[17] Alizadeh does not explain *why* discussions with potential new counsel prevented him from complying with the expert witness deadline or seeking a continuance before the deadline. As BP points out, Judge Vitter denied a similar motion for a continuance in another case arising from the *Deepwater Horizon* oil spill. *See Bice v. BP Exploration & Production, Inc.*, No. 14-1155, 2022 WL 17844616 (E.D. La. Dec. 22, 2022) (Vitter, J.). In that case, plaintiffs sought a continuance not for an "untimely disclosed expert" to be allowed to testify, but to "allow Plaintiffs to continue searching for potential experts." *Id.* at *3. Those plaintiffs also "waited for nearly a month after their expert report deadline passed, and after [BP] filed a Motion for Summary Judgment" to seek the continuance. *Id.* at *4. Alizadeh likewise seeks a continuance to allow him to search for potential experts, and he filed the instant motion to continue nearly a month after his expert report deadline had passed and after BP had moved for summary judgment. The Court finds that Alizadeh has shown neither good cause nor excusable neglect warranting an extension of this deadline.

Alizadeh's request to continue the other deadlines in this Court's scheduling order fares no better. A district court's discretion to modify a scheduling order is "exceedingly wide." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 550–51 (5th Cir. 2000) (citation and quotation omitted). Considering the facts of the

---

[17] *Id.* at 2.

7

case, the potential prejudice to BP in the form of increased costs and delayed resolution, as well as "the demands on counsel's time and the court's," the Court finds that Alizadeh's reference to potential new counsel does not constitute good cause. *Id.*; *see also Squyres*, 782 F.3d at 237.

## IV.    CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Alizadeh's motion to continue is **DENIED**.

New Orleans, Louisiana, July 13, 2023.

_____
            **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**