UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HAMID ALIZADEH**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                                    **No. 22-3159**

**BP EXPLORATION &**
**PRODUCTION, INC. ET AL.**                                                                    **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendants, BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP"). Plaintiff Hamid Alizadeh ("Alizadeh") has not filed a response to the motion and the deadline for doing so has passed.[2] For the reasons below, the Court grants the motion.

### I.   BACKGROUND

This is a case arising from the 2010 *Deepwater Horizon* oil spill. On January 11, 2013, U.S. District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"), which includes a Back-End Litigation Option ("BELO") allowing certain class members who follow procedures outlined in the MSA to sue BP for later-manifested physical conditions.[3]

---

[1] R. Doc. No. 17.
[2] Pursuant to Local Rule 7.5, Alizadeh's deadline to respond to BP's motion was June 20, 2023. On June 27, 2023, Alizadeh filed a motion to continue the deadline to file an opposition to BP's motion. R. Doc. No. 20. The Court denied this motion on July 13, 2023. R. Doc. No. 23.
[3] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*, MDL No. 10-2179, R. Doc. No. 8217 (E.D. La. Jan. 11, 2013).

Individuals who worked as clean-up workers in response to the *Deepwater Horizon* oil spill are members of the class covered by the MSA.[4] Pursuant to the MSA, a later-manifested physical condition is a physical condition diagnosed after April 16, 2012 which is claimed to have resulted from exposure to oil or other hazardous substances "used in connection with the [response activities]."[5]

Alizadeh alleges that he suffers from chronic health conditions, including B-cell lymphoma, caused by exposure to oil and dispersants while working in the response to the oil spill from April to October 2010.[6] According to the complaint, during this time, Alizadeh worked as a clean-up worker approximately 80 hours per week in Lafitte, Grand Isle and throughout the Barataria Basin of the Gulf of Mexico.[7] Alizadeh alleges he was directly in contact with oil, dispersants, and other harmful substances.[8] On June 8, 2017, Alizadeh was diagnosed with B-cell lymphoma.[9]

BP does not dispute that Alizadeh was a clean-up worker after the oil spill or that he is a member of the class covered by the MSA.[10] BP does dispute "the fact of [Alizadeh's alleged B-cell lymphoma] diagnosis[,] as permitted under [Section VIII(G)(3)(a)(i) of] the MSA."[11]

---

[4] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*, MDL No. 10-2179, R. Doc. No. 6427-1 at 60–73 (E.D. La. May 3, 2012).
[5] *Id.* at 17–18.
[6] R. Doc. No. 1, ¶¶ 48, 46, 51.
[7] *Id.* ¶¶ 48, 49.
[8] *Id.* ¶ 50.
[9] *Id.*; *see also* R. Doc. No. 25-1.
[10] R. Doc. No. 17-1, at 1 n.1.
[11] *Id.* at 2 n.7.

BP moves for summary judgment on the theory that Alizadeh cannot prove legal causation. Specifically, BP argues that Alizadeh cannot meet his burden of proving through expert testimony that his health conditions were caused by exposure to oil and dispersants during the spill response.[12]

## II. STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith*

---

[12] *Id.* at 5.

*Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

If the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must then articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). These facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "A non-

movant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

### III. ANALYSIS

Although plaintiffs in BELO lawsuits need not prove BP's fault, they must prove causation. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 13733 (E.D. La. Nov. 26, 2014) (Barbier, J.); *see also Hernandez v. BP Expl. & Prod., Inc.*, No. 19-11517, 2020 WL 7495554, at *3 (E.D. La. Dec. 21, 2020) (Brown, C.J.); *Garcia-Maradiaga v. BP Expl. & Prod.*, No. 18-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.); *Turner v. BP Expl. & Prod.*, No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (Fallon, J.); *Brown v. BP Expl. & Prod. Inc.*, No. 18-9927, 2019 WL 2995869, at *2 (E.D. La. July 9, 2019) (Africk, J.); *Rabalais v. BP Expl. & Prod. Inc.*, No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Cibilic v. BP Expl. & Prod.*, No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod. Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.).

The Fifth Circuit has explained that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to

such quantities, are minimal facts necessary to support the plaintiffs' burden in a toxic tort case." *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 72 (5th Cir. 2009) (per curiam) (quoting *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). "[E]xpert testimony is thus required to establish causation." *Id.*

To date, Alizadeh has not indicated that he has retained an expert who will testify on his behalf at trial. He also has not disclosed to BP any expert reports in compliance with the Court's May 31, 2023 deadline.[13] The only evidence before the Court with respect to Alizadeh's medical condition is a 2017 medical report from Nia Terezakis, M.D., at Skin Diagnostics Group, PC, diagnosing Alizadeh with "B-cell lymphoma, consistent with follicle center cell type."[14] As BP points out, this report does not discuss causation at all, so it does not create a genuine dispute about whether Alizadeh's B-cell lymphoma was caused by exposure to toxic substances during the spill response.

Applying the Fifth Circuit's standard, Alizadeh has therefore failed to present a genuine issue of material fact or present any evidence that would support the allegation that his injuries were caused by exposure to oil and dispersants while he worked in response to the spill.

---

[13] R. Doc. No. 14, at 2.
[14] R. Doc. No. 25-1.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and Alizadeh's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, July 17, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**